United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PACIFIC FINANCIAL ASSOCIATION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-03919 |
| DIEGO ALEXANDER, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Pacific Financial Association, Inc., ("Plaintiff" or "Pacific"), brings this action against Defendant, Diego Alexander ("Defendant" or "Alexander"), for breach of contract.[1] Pending before the court is Plaintiff's Motion for Summary Judgment (Docket Entry No. 10). For the reasons explained below, the pending motion will be denied without prejudice.

### I. Factual Allegations and Procedural Background

Plaintiff alleges that on October 30, 2013, it entered into a Form BMC-85 Broker's or Freight Forwarder's Trust Fund Agreement under 49 U.S.C. § 13906 with Defendant,[2] and that on February 28, 2017, Defendant executed a Supplementary Agreement pursuant to

---

[1]Complaint, Docket Entry No. 1, p. 4 ¶ 14. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Complaint, Docket Entry No. 1, p. 2 ¶ 6 (citing Exhibit A, Form BMC-85, Docket Entry No. 1-1).

which Defendant became obligated to repay Plaintiff monies spent or paid by Plaintiff pursuant to the Agreement.³ Plaintiff alleges that "[p]ursuant to the terms of the Agreements, Plaintiff, on behalf of Defendant, paid out the sum of $75,000.00,"⁴ and that "[p]ursuant to the Agreements, Defendant is required to reimburse the Plaintiff for the claims paid."⁵ Plaintiff alleges that

> the terms on page 4, section 6.01, paragraph 3 of the Supplementary Agreement . . . also require[] Defendant to pay Plaintiff's costs and fees of collection, interest, as well as a reasonable and necessary attorney's fees."⁶

Plaintiff alleges that it has "demanded that Defendant cure his breach of the Agreements and pay Pacific Financial, but Defendant failed to do so.⁷

Plaintiff seeks <u>inter alia</u>

> Judgment against Defendant in the principal amount of $53,476.09, with prejudgment interest of $9,388.95 and accruing as allowed by law, collection fees of $15,000.00, plus attorney's fees as provided in the Agreement and under Texas law, including fees in the event of success on appeal whether as appellant or as appellee, plus post-judgment interest at the legal rate, and all costs of court.⁸

---

³<u>Id.</u> ¶ 7 (citing Exhibit B, Supplementary Agreement, Docket Entry No. 1-2).

⁴<u>Id.</u> ¶ 8 (citing Exhibit C, Payout Calculation, Docket Entry No. 1-3; Exhibit C1, Claims, Docket Entry No. 1-4; and Exhibits D1-D64, Docket Entry Nos. 1-5 through 1-68).

⁵<u>Id.</u> at 3 ¶ 9.

⁶<u>Id.</u> ¶ 10.

⁷<u>Id.</u> ¶ 11 (citing Exhibit E, Demand Letter dated August 23, 2019, Docket Entry No. 1-69).

⁸Complaint, Docket Entry No. 1, p. 5 ¶ 17.

## II. Plaintiff's Motion for Summary Judgment

Relying on Federal Rule of Civil Procedure 56, the pending motion for summary judgment seeks the entry of

> summary judgment against Defendant Diego Alexander, in the principal amount of $53,476.09, plus prejudgment interest of $7,634.76 as December 28, 2022; plus collection fees in the amount of $15,000.00, plus attorney's fees as provided in the Agreements and under Texas law, including fees in the event of success on appeal whether as appellant or as appellee. Pacific Financial further prays that the Court award Pacific Financial its post-judgment interest at the legal rate, and that the Court assess court costs against Defendant Alexander; and that the Court award such other and further relief to which Pacific Financial Association, Inc. may be justly entitled.[9]

Almost a month has passed since January 4, 2023, when Defendant filed the pending Motion for Summary Judgment (Docket Entry No. 9), yet Plaintiff has not responded to Defendant's motion.

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant satisfies its initial responsibility of showing "the absence of a genuine issue of material fact," the burden shifts to the non-movant to identify "specific facts showing

---

[9]Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, p. 7.

that there is a genuine issue for trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).  If a non-movant fails to respond to a motion for summary judgment, it is not proper to grant the motion based solely on the failure to respond.  Alsobrook v. GMAC Mortgage, L.L.C., 541 F. App'x 340, 341-42 (5th Cir. 2013) (per curiam) (citing John v. Louisiana (Board of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985)). Instead, summary judgment should only be granted in such a case if "'the moving party discharges its initial burden' of showing that there is no genuine dispute as to any material fact." Id. (quoting John, 757 F.2d at 709).  Recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has observed that when the nonmovant fails to respond, the court may properly accept as undisputed the movant's evidence of the facts.  See Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988).  See also White v. Coffield Medical Staff, No. 21-40211, 2022 WL 1056103, * 2 (5th Cir. April 8, 2022)("Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed.").

**B.   Analysis**

   1.   <u>Applicable Law</u>

Plaintiff's Motion for Summary Judgment relies on Texas law,[10] but the Supplementary Agreement, which Plaintiff argues binds Defendant personally, is governed by Arizona law,[11] and states that "[all legal actions or proceedings arising in connection with this Supplementary Agreement and the BMC-85 or addenda referenced or otherwise incorporated herein or supplemented hereby shall be litigated only in state or federal courts located in the County of Maricopa, State of Arizona."[12]  Under Texas law "a breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) 'the plaintiff sustained damages as a result of the breach.'"  <u>S & S Emergency Training Solutions, Inc. v. Elliott</u>, 564 S.W.3d 843, 847 (Tex. 2018) (quoting <u>USAA Tex. Lloyds Co. v. Menchaca</u>, 545 S.W.3d 479, 501 n. 21 (Tex. 2018)).  A breach of contract action under Arizona law requires proof of three elements: (1) the existence of a contract; (2) breach; and

---

[10]Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, p. 4 ¶ 13 (citing <u>Valero Marketing & Supply Co. v. Kalama International, L.L.C.</u>, 51 S.W.3d 345, 351 (Tex. App — Houston [1st Dist.] 2001, no pet.), for the elements of a claim for breach of contract).

[11]Supplementary Agreement, Exhibit B to Complaint, Docket Entry No. 1-2, p. 6 § 7.04.

[12]<u>Id.</u>

(3) resulting damages. See First American Title Insurance Co. v. Johnson Bank, 372 P.3d 292, 297 (Ariz. 2016) (citing Graham v. Asbury, 540 P.2d 656, 657 (Ariz. 1975)). See also Bright v. Mercer Advisors Inc., 502 F. App'x 710, 711 (9th Cir. 2013) (citing Chartone, Inc. v. Bernini, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (for stating the same three elements for a breach of contract claim under Arizona law)).

2. Application of the Law to the Facts

Regardless of whether Texas or Arizona law is applied to the Plaintiff's breach of contract claim, in order to grant the pending motion for summary judgment the court would have to find that Plaintiff has presented evidence showing that the formation of a valid contract between the parties. Whether there exists a valid contract between Plaintiff and Defendant is at issue. Both the initial contract, i.e., the Form BMC-85 Broker's or Freight Forwarder's Trust Fund Agreement, and the Supplementary Agreement are between Plaintiff and Cargo One Logistics, LLC, not between Plaintiff and the Defendant, Diego Alexander.[13] Although Plaintiff alleges that Defendant, Diego Alexander, "became obligated to repay

---

[13]See id. at 1 ("This Supplementary Agreement . . . is made by and among the following: Pacific Financial Association, Inc., a California corporation (hereinafter referred to as "Trustee"); and, Cargo One Logistics, LLC (hereinafter referred to as "Trustor"). . ."); and Form BMC-85, Docket Entry No. 1-1, p. 1 (identifying Plaintiff and Cargo One Logistics, LLC as the contracting parties).

Plaintiff monies spent or paid by Plaintiff pursuant to the BMC-85 Broker's or Freight Forwarder's Trust Fund Agreement and Section 6.01, paragraph 2 [of the Supplementary Agreement],"[14] Defendant, Diego Alexander signed the BMC-85 form as the Principal Officer of Cargo One Logistics, LLC,[15] and signed the Supplementary Agreement as the President of Cargo One Logistics, LLC.[16]  While Defendant also signed the Supplementary Agreement as the Indemnifying Party, his signature there is also followed by "as President."[17]

In the answer (titled "Complaint") that Defendant filed to Plaintiff's Complaint (Docket Entry No. 7), Defendant denies all allegations that he personally owes any money to Plaintiff, and asserts that the bond at issue should have been discharged during Cargo One Logistics, LLC Bankruptcy proceedings in September 2019, and that he did not personally guarantee this bond because he signed the documents "as president" of Cargo One Logistics, LLC. The Defendant also asserts that there was a $10,000 payment to set up the bond that he does not see reflected in the amount for which he is being sued.[18]

---

[14]Complaint, Docket Entry No. 1, p. 2 ¶ 7.

[15]Form BMC-85, Docket Entry No. 1-1, p. 2.

[16]Supplementary Agreement, Docket Entry No. 1-2, p. 7.

[17]Id.

[18]Answer (titled "Complaint"), Docket Entry No. 7.

Regardless of whether Texas or Arizona law is applied to the Plaintiff's breach of contract claim, in order to grant the pending motion for summary judgment, the court would have to read the Supplementary Agreement, particularly Section 6.01 thereof, to unambiguously bind Defendant in his personal capacity, as opposed to his capacity as the Principal Officer and/or President of Cargo One Logistics, LLC. See Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983) (holding that under Texas law "[i]f the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law"); and id. at 394 ("Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered."); and Sun Oil Co. (Delaware) v. Madeley, 626 S.W.2d 726, 728 (Tex. 1981) (unambiguous contracts are enforced as written, and "in the ordinary case, the writing alone will be deemed to express the intention of the parties"). See also Grosvenor Holdings, L.C. v. Figueroa, 218 P.3d 1045, 1050 (Ariz. Ct. App. 2009) ("when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written"); Greenawalt v. Sun City West Fire District, 23 F. App'x 650, 652 (9th Cir. 2001) ("construction of ambiguous contracts is submitted to a jury under Arizona law"). Because the court is not persuaded that Section 6.01 of the Supplementary Agreement

unambiguously binds Defendant in his personal capacity, as opposed to his capacity as the Principal Officer and/or President of Cargo One Logistics, LLC, the court is not persuaded that Plaintiff has established that it is entitled to judgment as a matter of law on the breach of contract claim asserted against the Defendant. However, because Plaintiff's Motion for Summary Judgment has been filed before discovery has been conducted, Plaintiff's Motion for Summary Judgment will be denied without prejudice.

### III. Conclusions and Order

For the reasons stated above in § II, Plaintiff's Motion for Summary Judgment, Docket Entry No. 10, is DENIED WITHOUT PREJUDICE.

**SIGNED** at Houston, Texas, this 3rd day of February, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE